UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTTSDALE INSURANCE COMPANY, as successor in interest to WESTERN HERITAGE INSURANCE COMPANY,

    Plaintiff(s),

ZOLO SERVICES CORP.  AND

QUALITY BUILDING CONSTRUCTION LLC,

    Defendant(s).

COMPLAINT FOR DECLARATORY JUDGMENT

Civil Action No.:_____

Plaintiff SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), as successor in interest to policies originally underwritten by Western Heritage Insurance Company, by its attorneys, Goldberg Segalla LLP, for its complaint herein, alleges, upon information and belief, as follows:

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 et. seq. and Rule 57 of the Federal Rules of Civil Procedure.

## THE PARTIES

2. Scottsdale is a corporation existing under the laws of Ohio, with its principal place of business in Scottsdale, Arizona, which is duly authorized to engage in the business of selling insurance in the State of New York.

3. Upon information and belief, ZOLO SERVICES CORP. ("Zolo"), was a domestic business corporation duly organized and existing under the laws of the State of New York from October 18, 2007 until June 29, 2016, maintaining its offices in the State of New York.

4. Upon information and belief, QUALITY BUILDING CONSTRUCTION LLC ("Quality") is and was a single-member limited liability company duly organized and existing under the laws of the State of New York from October 18, 2007 until June 29, 2016, maintaining its offices in the State of New York.

5. Upon information or belief, the sole member of Quality is a resident of the State of New York.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that it is a civil action between parties of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. A justiciable controversy exists between plaintiff and defendant regarding Scottsdale's obligations to defendant under the insurance policy issued to defendant Zolo as referenced below.

8. Venue in this district is proper under 28 U.S.C. §1391(b)(2), since a substantial part of the events giving rise to the claim occurred in this judicial district, and the underlying action was brought in this district.

## FACTS

9. The action arises from an underlying property loss involving the collapse of a brick façade at 340 East 64th Street, New York, New York (the "Premises").

10. Upon information and belief, the Premises are governed by the Board of Managers of the St. Tropez Condominium ("the Board of Managers")..

11. Upon information and belief, the Board of Managers is an unincorporated associate of unit owners organized and existing under Article 9-B of the New York Real

Property Law.

12. Prior to December 7, 2015, the Board of Managers retained JMA Consultants, Inc. and JMA CE to provide consulting work and professional engineering services in connection with a certain façade, terrace and roof restoration project (the "Project").

13. Prior to December 7, 2015, the Board of Managers contracted with defendants to perform certain masonry work at the Premises.

14. On December 7, 2015, a significant portion of the exterior brick façade of the Premises sheared off causing extensive property damage to the Premises.

15. Thereafter, multiple insurance carriers commenced subrogation suits against defendants seeking reimbursement for the loss to the Premises.

16. On or about December 6, 2018, Fireman's Fund Insurance Company commenced a lawsuit in New York County Supreme Court on behalf of its insured, St. Tropez Condominium styled, *Firemans's Fund Ins. Co. a/s/o St. Tropez Condominium and other interested insureds under the policy of insurance v. Quality Building Construction, LLC, et al.* under Index No. 161442/2018 ("Fireman's Fund Subrogation Action"). A true and accurate copy of the Fireman's Fund Subrogation Action complaint is annexed hereto as **Exhibit A**.

17. The Fireman's Fund Subrogation Action complaint alleges that on or about December 7, 2015 a significant portion of the brick façade of the building sheared off the premises causing extensive property damage at the Premises. *See*, para 27.

18. The Fireman's Fund Subrogation Action complaint alleges that prior to December 7, 2015, Quality was engaged in façade brick repair work at the Premises.

19. The Fireman's Fund Subrogation Action complaint also alleges that Zolo was hired to repair, construct and renovate the outside exterior of the building, including the exterior

3

brick façade of the Premises caused the fire that damaged the Premises.

20. The Fireman's Fund Subrogation Action complaint alleges that the negligence caused the subject property damage for which Fireman's Fund Insurance Company paid to St. Tropez Condominium $617,972.54.

21. Scottsdale, via Western Heritage Insurance Company, issued a Commercial General Liability Policy to Zolo under Policy No. SCP1038241 (the "Policy").  A true and accurate copy of the Policy is annexed hereto as **Exhibit B**.

22. The effective dates of the Policy are June 2, 2015 to June 2, 2016. *Id.*, Commercial Policy Declarations.

23. The Policy provides a per occurrence limit of $1,000,000. *Id*.

24. Commercial liability coverage is provided under the Policy pursuant to form CG 00 01 04 13.

25. The Policy's insuring agreement states, in part:

**SECTION I – COVERAGES**

    **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.    Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim of "suit" that may result.

        …

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

26. Endorsed to the Policy is an Exclusion – Designated Construction or Contractor Operations (form WHI 21-0484 (06-13), which provides, in relevant part:

**EXCLUSION-DESIGNATED CONSTRUCTION OR CONTRACTOR OPERATIONS**

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury," "wrongful act(s)," "error or omission" or medical expenses arising out of:

**1.** Operations or ongoing operations, regardless of whether such operations are conducted by you or on your behalf or whether the operations or ongoing operations are conducted for yourself or for others, described in the Schedule of this endorsement; or

**2.** Operations included in the "products-completed operations hazard" and arising out of "your work" or "your products" described in the Schedule of this endorsement.

**SCHEDULE**

**Description of Excluded Completed Operations, Operations, Ongoing Operation and Work**

The following operation(s) are excluded unless indicated by an "X" in the corresponding box.)

☐☐☐    Work over twenty (20) stories

27. Scottsdale has provided a defense to Zolo in the Fireman's Fund Insurance Subrogation Action subject to a Reservation of Rights.

**COUNT I**
**(Declaratory Judgement)**

28. Scottsdale repeats and realleges paragraphs 1-27 as if fully set forth herein.

29. Upon information and belief, at the time the brick façade collapse which is the subject of the underlying the Fireman's Fund Subrogation Action, Zolo was working on the roof of the 32nd floor building at the Premises.

5

30. The Policy issued by Scottsdale specifically excludes any work or operations being performed over twenty (20) stories.

31. As the subject "property damage" is expressly excluded pursuant to the Exclusion – Designated Construction or Contractor Operations, there is no coverage for the brick façade collapse and resulting property damage alleged in the Fireman's Fund Subrogation Action.

32. Scottsdale owes no coverage to Zolo, Quality or any other entity, for the December 7, 2015 brick façade collapse and property losses at the Premises under the Policy.

33. As there is no coverage for the subject fire losses, Scottsdale is entitled to a declaration that there is no duty to defend or indemnify Zolo or Quality for any property loss sustained at the Premises.

## COUNT II
**(Declaratory Judgment)**

34. Scottsdale repeats and realleges paragraphs 1-33 as if fully set forth herein

35. As there is no coverage for the subject brick façade collapse at the Premises, Scottsdale is entitled to a declaration that it owes no further obligation to defend or indemnify Zolo or Quality in the Fireman's Fund Subrogation Action.

36. As there is no coverage for the subject fire loss at the Premises and no duty to defend or indemnify Zolo, Scottsdale is entitled to a declaration that it may withdraw its defense to Zolo and Quality for these claims.

37. Scottsdale is entitled to a declaration that it has no indemnity obligation for the subject brick façade collapse at the Premises.

## DEMAND FOR RELIEF

Scottsdale demands judgment finding and declaring the rights of the parties as follows:

32863363.v1

    a.    That the Scottsdale Policy does not provide any coverage for the subject property losses at the Premises;

    b.    That Scottsdale owes no duty to indemnify Zolo or Quality for claims asserted in the Fireman's Fund Subrogation Action;

    c.    That Scottsdale owes no further duty to defend Zolo or Quality for claims asserted in the Fireman's Fund Subrogation Action;

    d.    That Scottsdale is entitled to withdraw its defense of Zolo or Quality in both the Fireman's Fund Subrogation Action; and

    e.    That the court grant Scottsdale such other and further relief as it deems just and proper.

Dated: Buffalo, New York
March 22, 2022

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

/s/ Sharon Angelino, Esq.
*Attorneys for Plaintiff*
Mailing address
P.O. Box 780
Buffalo, NY 14201
665 Main Street, Suite 400
Buffalo, NY 14203-1425
P: 716.566.5400
F: 716.566.5401
File no. 14002.0950